**SIGNATURE POOL & COURT, A DIVISION OF CLASSIC POOLS, INC., Plaintiff–Respondent,**

v.

**CITY OF MANCHESTER, Defendant–Appellant.**

No. 52796.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1988.

Application to Transfer Denied
Feb. 17, 1988.

Patrick R. Gunn, Sharon R. Wice, St. Louis, for defendant-appellant.

Frank J. Niesen, Jr., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from an order of the trial court entering summary judgment for plaintiff on its claim for equitable rescission of a contract. We reverse and remand.

Plaintiff desired to build and operate an indoor soccer facility on property, which it alleges it possessed as "beneficial leasor," in the city of Manchester. Pursuant to that end, it petitioned defendant for a special use permit to allow such a project. Defendant agreed to grant the permit if plaintiff deposited $20,000 with it to participate in paying the costs for construction of a roadway adjacent to the proposed project. Plaintiff agreed and deposited the money on March 16, 1984. A letter of the same date from plaintiff's attorney to the city attorney stated the agreement of the parties regarding the refundability of the deposit, and it reads as follows:

> This will confirm our agreement and understanding reached during our telephone conference of March 16, 1984, regarding the $20,000.00 to be deposited with the City of Manchester by Signature Pool in connection with its special use permit. It is my understanding that the parties agree that the $20,000.00, which will be deposited, will be nonrefundable except under the following circumstances:
>
> 1. A ruling adverse to Signature Pool by the Circuit Court in the matter of *Gerald D'Angelo, et al. v. City of Manchester, et al.*, cause no. 49737 resulting in the revocation of the special use permit heretofore issued to Signature Pool;
>
> 2. The impossibility of Signature Pool to satisfy St. Louis County ordinances or requirements or any other requirements of any entity wherever situated in connection with any and all permits for the indoor soccer facility including but not limited to building permits from St. Louis County and business permits from the City of Manchester.
>
> I believe that the above adequately outlines our understanding and agreement. In that regard, if I do not immediately hear from you to the contrary, I shall assume that when the $20,000.00 is tendered to the City of Manchester that it is done consistent with the terms and conditions of this correspondence.
>
> Needless to say, any action taken by the City of Manchester, which is inconsistent with the terms and spirit of the special use permit heretofore issued, would likewise involve a refund of the deposited $20,000.00.

Defendant issued the special use permit.

Exercising an option, the May Company purchased the property on May 31, 1985, leaving plaintiff unable to complete the project. Plaintiff then demanded the return of the deposit because it could not build the soccer facility as planned, but defendant refused to return the money.

A petition in equity was filed by plaintiff for rescission of the agreement and return of the deposit, alleging completion of the soccer facility had become "impossible."

Defendant answered and filed a motion for summary judgment, asserting that none of the agreed upon conditions for a refund had been fulfilled. Attached to the motion was the above letter from plaintiff's attorney, an affidavit of the City Administrator, and a copy of the dismissal order in

the *D'Angelo* suit. In the affidavit the City Administrator stated that none of the conditions for a refund had been realized: the *D'Angelo* suit had been dismissed by the plaintiffs in that suit without prejudice; defendant had not refused to issue any necessary permit to plaintiff; and it was not impossible for plaintiff to satisfy ordinance and permit requirements because plaintiff sold the property, causing its inability to proceed.

Plaintiff filed a first amended petition with exhibits, which restated the equitable rescission claim, and a motion for summary judgment with the affidavit of plaintiff's president attached. In it he alleged the following: he had personal knowledge of the suit; plaintiff was the beneficial leasor of the real estate involved; in order to obtain permits for building an indoor soccer facility, plaintiff deposited the money for construction of a road; the May Company had an option to purchase the property in question; defendant knew of this option; the May Company exercised their option, making the construction impossible; and the exercise of the option was not foreseen by the parties. After the parties submitted memoranda in support of their motions, the court sustained plaintiff's motion.

On appeal, defendant contends the trial court erred in granting summary judgment for plaintiff and argues the court should have granted a summary judgment for it.[1]

■ A summary judgment is appropriate only where the documents before the trial court, including pleadings, depositions, admissions, affidavits, and exhibits, show there is no genuine issue of material fact and that any party is entitled to summary judgment as a matter of law. Rule 74.-04(c); *Bailey v. Missouri–Kansas–Texas Railroad,* 732 S.W.2d 248,249 (Mo.App. 1987). The slightest doubt about the facts indicates a genuine issue of material fact. *Bailey,* 732 S.W.2d at 250. We view the record in the light most favorable to the party opposing summary judgment, giving that party the benefit of every doubt. *Id.*

Since the trial court sustained its motion for summary judgment, plaintiff must show by unassailable proof that there is no genuine issue of fact and that it is entitled to recovery as a matter of law. Rule 74.-04(h); *Bailey,* 732 S.W.2d at 250. We believe that it has failed in its burden and that the trial court erred in determining as a matter of law that plaintiff was entitled to a refund of the deposit.

At the trial court level and on appeal, plaintiff has presented two theories to support a summary judgment in its favor: 1) the agreement provides for a refund if it becomes impossible for it to meet permit and ordinance requirements, and that condition has occurred; or 2) it is entitled to equitable rescission of the contract because of a failure of consideration and to restitution of the deposit.

We examine the "impossibility" condition first. The letter from plaintiff's attorney specifies the parties' agreement on the only three conditions under which defendant would be obligated to refund the deposit. The relevant condition states,

> The impossibility of Signature Pool to satisfy St. Louis County ordinances or requirements or any other requirements of any entity wherever situated in connection with any and all permits for the indoor soccer facility including but not limited to building permits from St. Louis County and business permits from the City of Manchester.

Although the parties agree that plaintiff can no longer satisfy ordinance or permit requirements and construct the project because the May Company purchased the lot, they disagree on whether the condition is realized if plaintiff caused or foresaw the occurrence of the "impossibility." Plaintiff contends any occurrence causing it to be unable to satisfy the ordinance and permit requirements is "impossibility," regardless of whether it caused or knew of the impossibility. Defendant argues the parties intended to incorporate into the condition the legal doctrine of impossibility or commer-

---

**1.** However, the only issue before us is whether the trial court properly granted plaintiff's mo-

tion.

cial frustration, which would preclude realization of the condition if plaintiff foresaw or caused the impossibility.

Summary judgment is appropriate in a contract case when the meaning of the clause in issue is so apparent that it may be determined from the four corners of the document. *Dubinsky Realty, Inc. v. Vactec, Inc.*, 637 S.W.2d 190, 192 (Mo.App. 1982). However, in a case where the parties disagree as to the meaning and effect of the contract, and parol evidence is required, a motion for summary judgment based on interpretation of the contract should be denied. *Lammert Furniture Co. v. American National Stores, Inc.*, 619 S.W.2d 323, 325 (Mo.App.1981); *National Merchandising Corporation v. McAlpin*, 440 S.W.2d 489, 494 (Mo.App. 1969). As noted, plaintiff is not relying on the impossibility of performance doctrine, which states that unforeseen difficulty or hardship will not free a party from performing his contractual obligations so long as performance is not rendered impossible by "an Act of God, the law, or the other party." *Howard v. Nicholson*, 556 S.W.2d 477, 481 (Mo.App.1977).

The impossibility condition in the letter does not specify whether it contemplates plaintiff's fault or not. Nor does the remainder of the letter expressly resolve the issue. The other two conditions concern the actions of defendant and third persons, but not plaintiff's actions. In light of the parties' disagreement on the condition's meaning and the lack of clarity in the document itself, we do not believe the meaning of the condition is so clear and apparent to permit a summary judgment for plaintiff. *See McAlpin*, 440 S.W.2d at 494.

Turning to the failure of consideration theory, we note that a court of equity has jurisdiction to direct and enforce rescission of contracts and surrender and cancellation of written instruments for due cause. *Morris v. Hanssen*, 336 Mo. 169, 78 S.W.2d 87, 91 (1934). To justify the extraordinary relief of rescission or cancellation, the party seeking such relief should present clear, cogent, and convincing evidence that it is warranted. *Radford v. Radford*, 388 S.W.2d 33, 38 (Mo.1965). Failure of consideration alone generally is insufficient to warrant equitable rescission of contract, but if the slightest circumstance of fraud, duress, mistake, or undue influence is present, equity will step in to prevent injustice. *Id.* at 39.

Plaintiff asserts that there has been a failure of consideration in the agreement because the purpose underlying the contract has been frustrated; the intended soccer facility has been made "impossible" by the purchase of the lot by the May Company. Although it has not pled or argued any fraud, duress, mistake, or undue influence, it argues the failure of consideration for the agreement and defendant's refusal to return the deposit has caused a "forfeiture" to it and "windfall" to defendant.

On this theory, plaintiff has not carried the burden of proof required for the equitable relief it seeks or for a summary judgment; genuine issues of material fact remain unresolved. The cornerstone of plaintiff's theory is that the underlying purpose of the contract has been frustrated by the May Company's exercise of an option to purchase the property. Under the doctrine of commercial frustration, "if the happening of an event *not foreseen by the parties and not caused by or under the control of either party* has destroyed or nearly destroyed either the value of the performance or the object or purpose of the contract, then the parties are excused from further performance." *Howard*, 556 S.W.2d at 481–82 (emphasis ours). Although in his affidavit, plaintiff's president states that the exercise of the option was not foreseen by the parties, from the scant record before us, we cannot discern any facts to support his conclusion or to illuminate the option transaction and plaintiff's role therein. Furthermore, assuming plaintiff's purpose was frustrated, the existence and extent of plaintiff's "forfeiture" or failure of consideration and of defendant's alleged "windfall" has not been shown. If plaintiff has received full or partial consideration under the agreement, it would be inequitable to rescind the contract fully. *Zelch v. Ahlemeyer*, 592 S.W.2d 482, 486

(Mo.App.1979). Plaintiff's interest in the property, whether the road was constructed, the details of the option and sale, and the parties' knowledge of them: these facts do not appear in the record. It appears to us that these significant issues of fact remain unresolved.

The trial court erred in granting summary judgment for plaintiff because genuine issues of material fact remain and plaintiff is not entitled to summary judgment as a matter of law.

Reversed and remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.