**James HAWES, Plaintiff–Appellant,**

v.

**O.K. VACUUM & JANITOR SUPPLY CO., et al., Defendants–Respondents.**

No. 54733.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 10, 1989.

---

Andrew L. Mandel, St. Louis, for plaintiff-appellant.

Russell F. Watters, Patrick W. Fitzgerald, St. Louis, for O.K. Vacuum & Janitor Supply Co.

Sharon E. Wilkes, St. Louis, for Pecks Prods. Co. and J.F. Daley Intern. Ltd.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting summary judgment for defendants. We reverse and remand.

The controversy in this case centers around a release signed by plaintiff in November 1986. Plaintiff originally filed suit against Janitor Too Commercial Cleaning Co., Inc. (Janitor Too) for injuries he sustained when wax remover known as "Mop N' Strip" spilled on his right leg. Plaintiff alleged Janitor Too was negligent in "allowing one of its employees to give a bucket containing said 'Mop N' Strip' to [plaintiff]." Plaintiff and Janitor Too executed the "Release and Trust Agreement" in question, the first paragraph of which provided

[I]n consideration of the sum of Eight Thousand Dollars ($8,000.00) receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge Janitor Too Commercial Cleaning Company, Inc. and any other person, firm or corporation charged or chargeable with responsibility

or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequences of an accident that occurred on or about the 29th day of March, 1985.

The agreement went on to provide in paragraph six,

I further hereby agree that I shall, for the consideration aforesaid, hold in trust for the benefit of Home Insurance Company any proceeds up to, but not exceeding, Eight Thousand Dollars ($8,000.00) received through any settlement with or judgment against any person or organization in connection with the aforementioned accident and I shall assign such proceeds to Home Insurance Company.

Plaintiff then filed suit against O.K. Vacuum & Janitor Supply Co. (O.K.) as distributor, and Hillyard Chemical Co. (Hillyard), Pecks Products (Pecks) and J.F. Daley International Ltd. (Daley) as manufacturers of "Mop N' Strip." Plaintiff alleged negligence and strict products liability in connection with the March 1985 accident. Pecks and Daley joined in a motion for summary judgment. O.K. filed a separate summary judgment motion. In both motions, defendants urged that the release which plaintiff signed extinguished his claim not only against Janitor Too, but also against defendants herein. In opposition to the motion, plaintiff filed an affidavit stating he intended the release to apply only to his cause of action against Janitor Too, and further intended to hold the proceeds of any other judgment or settlement, up to $8,000.00, in trust for Janitor Too. The court granted defendants' motion.

In reviewing a summary judgment, we must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord to that party the benefit of every doubt. To support a summary judgment, the pleadings, depositions and admissions on file, along with any affidavits must make it manifest that there is no genuine issue of material fact. Rule 74.04(c). If there is the slightest doubt as to the facts then a genuine issue of fact exists for purposes of Rule 74.04(c), and summary judgment should not be entered. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978) (citing *Phegley v. Porter-DeWitt Construction Co.,* 501 S.W.2d 859, 863 (Mo.App.1973)).

■ We start with the premise that a release of one joint tortfeasor does not operate to release other joint tortfeasors unless the terms of the release so provide. § 537.060, RSMo 1986. "The clear effect of [§ 537.060] is to preclude the unintended release of a non-settling defendant." *Elsie v. Firemaster Apparatus,* 759 S.W.2d 305, 307 (Mo.App.1988). The question in this case then becomes, did the release which plaintiff executed in favor of Janitor Too also serve to release defendants herein?

In construing releases, we keep in mind several well settled rules of construction. First,

As with any other contract, the lodestar of construction should be "that the intention of the parties shall govern," ... and as to releases in particular, "[A]ny question regarding the scope and extent of a release is to be determined according to what may fairly be said to have been within the contemplation of the parties at the time the release was given which, in turn, is to be resolved in the light of all the surrounding facts and circumstances under which the parties acted."

*State ex rel. Normandy Orthopedics, Inc. v. Crandall,* 581 S.W.2d 829, 833 (Mo. banc 1979) (quoting *Williams v. Riley,* 243 S.W. 2d 122 (Mo.App.1951)).[1]

■ Next, when a release contains both general and specific language, the general

---

1. We note that *Crandall,* inasmuch as it pertains to successive tortfeasors, and not joint tort-feasors as in the case at bar, is not directly on point. However, its teachings on release con-

language "will be presumed to have been used in subordination to [the specific], and will be construed and limited accordingly." *Holly Investment Co. v. Land Clearance for Redevelopment Authority of Kansas City*, 646 S.W.2d 126, 129 (Mo.App.1983).

 Finally, a release is a contract; consequently parol evidence is admissible to explain language in the release which is ambiguous. *See Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling & Manufacturing Co.*, 758 S.W.2d 119, 124 (Mo.App.1988).

With these principles in mind, we consider the release in question. The first paragraph is general and unambiguous. The language plainly applies not only to Janitor Too but also to any other tortfeasor who may be liable under the cause of action accruing to plaintiff when he injured himself using the "Mop N' Strip." If this were the only relevant language in the release, then the parties' intentions would be clear, parol evidence would be inadmissible, and the release would extinguish plaintiff's cause of action against defendants.

The language in paragraph one is not, however, the only relevant language. Paragraph six provides that plaintiff will hold in trust $8,000.00 "received through any settlement with or judgment against any person or organization" arising out of the accident. At most, this language demonstrates an understanding that plaintiff intended to pursue tortfeasors other than Janitor Too. At least, the language, when considered together with that in paragraph one, creates an ambiguity as to the parties' intentions. Parol evidence should have been admitted to resolve this ambiguity.

 Furthermore, when the resolution of a case turns on the parties' intentions, and parol evidence is necessary to elucidate those intentions, summary judgment is inappropriate. *Signature Pool, Inc. v. City of Manchester*, 743 S.W.2d 538, 541 (Mo. App.1987). The language in paragraph six,

when considered together with that in paragraph one, creates a doubt as to the parties' intentions. A genuine issue of material fact exists as a result. Summary judgment should not, therefore, have been entered.

REVERSED AND REMANDED.

CRANDALL, P.J., and CRIST, J., concur.

---

struction apply in either situation, and thus are applicable to this case.