**Jennifer Robyn MOORE,
Plaintiff/Appellant,**

v.

**Lois Marie BENTRUP, n/k/a Lois Marie Relling, Defendant/Respondent.**

No. 61666.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1992.

Christopher Karlen, Ziercher & Hocker, P.C., St. Louis, for plaintiff/appellant.

William W. Evans, Brenda G. Baum, Evans & Dixon, St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting summary judgment for defendant. We reverse and remand.

On May 2, 1986, plaintiff, while a passenger in a car driven by John Moore, was involved in a collision with a car driven by defendant. In August, 1988, plaintiff entered into a settlement agreement with John Moore and his father, Lon Moore, the owner of the car driven by John Moore. Evidencing this agreement, plaintiff and John Moore executed the following release:

### RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

For and in consideration of the sum of Thirty Thousand Dollars and no cents ($30,000), receipt of which is acknowledged, I release and forever discharge Lon Moore and John Moore, their principals, agents and representatives from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, resulting from or related to Bodily Injuries arising from an accident that occurred on or about the 2nd day of May, 1986, at or near St. Louis County, Mo.

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person.

I understand that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability. I understand that this is all the money or consideration I will receive from the above described parties for any and all of my claims as a result of this accident.

FURTHER, I agree to reimburse and indemnify all released parties for any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in reimbursement for amounts paid to me or on my behalf as a result of this accident by way of contribution, subrogation, indemnity, or otherwise.

Plaintiff then filed suit against defendant, alleging negligence in connection with the May, 1986, accident. Defendant filed a motion for summary judgment, claiming that the release which plaintiff signed extinguished her claim not only against John and Lon Moore (the Moores), but also against defendant. In opposition to the motion plaintiff filed an affidavit stating she intended the release to apply only to her cause of action against the Moores. The trial court granted defendant's motion, finding that the release executed by plaintiff was a "general release" which "dispos[ed] of the whole matter and [was] effective as to all tortfeasors whether named or not".

In reviewing a summary judgment, we must scrutinize the record in the

light most favorable to the party against whom the motion was filed, and accord to that party the benefit of every doubt. *Hawes v. O.K. Vacuum & Janitor Supply Co.*, 762 S.W.2d 865, 867 (Mo.App.1989). To support a summary judgment, the pleadings, depositions and admissions on file, along with any affidavits, must make it manifest that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c).

■ A release of one joint tortfeasor does not operate to release other joint tortfeasors unless the terms of the release so provide. Section 537.060, RSMo 1986. "The clear effect of [§ 537.060] is to preclude the unintended release of a non-settling defendant." *Elsie v. Firemaster Apparatus*, 759 S.W.2d 305, 307 (Mo.App. 1988).

■ In construing a release, the intention of the parties governs, and

[A]ny question regarding the scope and extent of a release is to be determined according to what may fairly be said to have been within the contemplation of the parties at the time the release was given which, in turn, is to be resolved in the light of all the surrounding facts and circumstances under which the parties acted.

*State ex rel. Normandy Orthopedics, Inc. v. Crandall*, 581 S.W.2d 829, 833 (Mo. banc 1979) (quoting *Williams v. Riley*, 243 S.W.2d 122 (Mo.App.1951)). When a release contains both general and specific language, the general language will be presumed to have been used in subordination to the specific, and will be construed and limited accordingly. *Hawes* at 868. A release is a contract; consequently parol evidence is admissible to explain ambiguous language in a release. *Id.*

■ In the present case, the first paragraph of the release is specific and relates only to the release of "Lon Moore and John Moore, their principals, agents and representatives...." Defendant relies on the title of the document and the first sentence of paragraph three in support of her argument that this is a general release. The

title states "RELEASE IN FULL OF ALL CLAIMS AND RIGHTS", and the first sentence of paragraph three states, "I understand that this is a compromise settlement of all my claims arising out of the accident referred to above...."

The portions of the release relied on by defendant are general and unambiguous. Defendant, however, overlooks the last sentence in paragraph three which states, "I understand that this is all the money or consideration *I will receive from the above described parties* for any and all claims as a result of this accident." (Emphasis ours). This language is specific and appears to limit the parties being released by the agreement.

This case is similar in many respects to *Hawes, supra,* and its reasoning is applicable here. In *Hawes,* the title was "Release and Trust Agreement", and the first paragraph of the release stated:

[I]n consideration of the sum of Eight Thousand Dollars ... I do hereby release and forever discharge Janitor Too Commercial Cleaning Company, Inc. and *any other person,* firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequences of an accident that occurred on or about the 29th day of March, 1985. (Emphasis ours).

*Hawes* at 866.

We found this language to be general and unambiguous, however, in another paragraph, there was language which we said, "At most, ... demonstrates an understanding that plaintiff intended to pursue tortfeasors other than Janitor Too. At least, the language, when considered together with that in paragraph one, creates an ambiguity as to the parties' intentions.

Parol evidence should have been admitted to resolve this ambiguity." *Hawes* at 868.

There is language here that we recognize to be general, but there is also language that we believe demonstrates plaintiff reserved the right to pursue other tortfeasors. The specificity of the language in the first paragraph and the language in the last sentence of paragraph three, along with the general language cited by defendant, creates an ambiguity as to the parties intentions.

Under these circumstances, parol evidence should have been admitted to resolve the ambiguity. When the resolution of a case turns on the intentions of the parties, and parol evidence is necessary to show those intentions, a question of fact exists preventing summary judgment. *Signature Pool, Inc. v. City of Manchester,* 743 S.W.2d 538, 541 (Mo.App.1987); *Hawes* at 868. Thus this case must be reversed and remanded.

Reversed and remanded.

AHRENS, P.J., and CRIST, J., concur.