Kenneth D. ALLISON, Appellant,

v.

FLEXWAY TRUCKING, INC. and Mark A. Stuck, Appellees.

No. 93–2967.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided June 28, 1994.

Mark P. Spengler, Granite City, IL, argued (Janet R. Sheley and Victor J. Mosele, on the brief), for appellant.

Daniel T. Rabbitt, St. Louis, MO, argued, for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges and ALSOP,* Senior District Judge.

ALSOP, Senior District Judge.

Kenneth Allison and his wife, Judy Allison, were involved in an automobile accident with a truck owned by Flexway Trucking ("Flexway") and driven by Mark A. Stuck ("Stuck"). Kenneth Allison brought a personal injury claim against Flexway and Stuck. The parties settled that lawsuit and Kenneth Allison signed a release. The district court held that the release barred Kenneth Allison's subsequent claim for loss of consortium. Kenneth Allison appeals from the district court's order dismissing that claim. He argues that the district court erred in finding the release unambiguous and by not admitting parol evidence to prove the intent of the parties. We reverse and remand.

## I.

On April 10, 1990, Kenneth and Judy Allison were involved in an automobile accident with a truck owned by Flexway and driven by Stuck. Kenneth Allison filed an amended complaint in a personal injury lawsuit against

---

\* The HONORABLE DONALD D. ALSOP, Senior United States District Judge for the District of Minnesota, sitting by designation.

Flexway and Stuck on approximately April 8, 1992. Judy Allison did not join in that suit. Kenneth Allison settled the lawsuit on June 17, 1992.

As part of the settlement agreement, Flexway.and Stuck's attorney prepared a release and forwarded it to Kenneth Allison's attorney. Kenneth Allison's attorney revised the release to read that only those claims set forth in the current litigation were to be released. Kenneth Allison then signed the release and returned it to Flexway and Stuck's attorney. The signed release, which is entitled *"RELEASE OF ALL CLAIMS,"* provides:

> [T]he undersigned hereby releases and forever discharges Flexway Trucking, Inc., Mark Stuck, ... and all other persons, firms, subsidiaries, and corporations, whomsoever they may be of and from all claims, demands, damages, actions or causes of action, he may have whether on account of bodily injury damage, resulting or to result from an alleged accident which occurred on April 10, 1990 at the intersection of I–270 near Gist Road in St. Louis County, Missouri.
>
> It is understood and agreed that this is a FULL AND FINAL RELEASE in full compromise settlement of all claims of every nature and kind, whatsoever, and releases all claims whether known or unknown, suspected or unsuspected, as set forth in the cause of action No. 91–1176C(7), entitled *Kenneth Allison v. Mark Stuck, and Flexway Trucking, Inc.,* filed in the Federal Court of the Eastern District of Missouri.

Appendix 27. In a letter accompanying the revised, signed release, Kenneth Allison's attorney stated that "Mr. Allison expressly reserves his loss of consortium claim." Appendix 28. Flexway and Stuck's attorney responded by letter that Kenneth Allison had released all claims against Flexway and Stuck. Appendix 29.

On June 30, 1992, Judy Allison filed a lawsuit against Flexway and Stuck for injuries arising out of the April 10, 1990 accident. Kenneth Allison brought a claim for loss of consortium in the same suit. Flexway and Stuck filed a Motion to Dismiss or for Partial Summary Judgment on the grounds that Kenneth Allison had released Flexway and Stuck from the loss of consortium claim by the June 17, 1992 release, that he had impermissibly split his cause of action, and that the claim was barred by the doctrine of res judicata.

The district court granted partial summary judgment in favor of Flexway and Stuck and dismissed Kenneth Allison's claim, holding that the release was unambiguous and barred his claim for loss of consortium. Language in the court's order also suggests a finding that Kenneth Allison did not impermissibly split his cause of action, but the court did not directly address the res judicata issue.[1] Judy Allison then voluntarily dismissed her claim. A final order was entered dismissing all claims on June 15, 1993. This appeal followed.

## II.

In reviewing a grant of summary judgment, we apply the same standard as does the district court. We therefore will affirm if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, "we view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor." *Coday v. City of Springfield,* 939 F.2d 666, 667 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1170, 117 L.Ed.2d 416 (1992). In order for there to be a "genuine issue of material fact," the evidence must be "such that a reasonable jury could return a verdict for the nonmoving

---

1. The district court stated:

 The Court is aware that loss of consortium is a derivative claim and Kenneth Allison could not recover on that claim unless his wife has a valid claim for personal damages.... The Court also notes that Judy Allison was not a plaintiff and did not assert a personal injury claim in the prior lawsuit filed by her husband. However, the Court is still of the opinion that Kenneth Allison released his claim for loss of consortium.

 *Allison v. Flexway Trucking, Inc.,* No. 4:92 CV 1246–DJS, slip op. at 5 (E.D.Mo. Feb. 2, 1993).

party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In holding that Kenneth Allison's loss of consortium claim was barred, the district court found that language in the release that attempted to limit its scope was ineffective because it did not "specifically and clearly limit the scope of the settlement, state that the consideration is partial, or reserve plaintiff's right to pursue the loss of consortium claim." *Allison v. Flexway Trucking, Inc.,* No. 4:92 CV 1246–DJS, slip op. at 4 (E.D.Mo. Feb. 2, 1993). The district court found that the remaining language in the release clearly and unambiguously declared a release from all actions arising from April 10, 1990 accident. Focusing only on the latter language, the court held that the release was unambiguous and that parol evidence was inadmissible to vary its meaning. The court therefore found Kenneth Allison's loss of consortium claim barred and granted Flexway and Stuck's Motion for Partial Summary Judgment. On appeal, Kenneth Allison argues that the conflicting general and specific language in the release creates an ambiguity precluding summary judgment.

▪ To determine whether summary judgment was appropriate, we must focus our attention on the release. Under Missouri law, when construing a release, "the intention of the parties is controlling." *Mutz v. Citizens State Bank of Maryville,* 966 F.2d 434, 436 (8th Cir.1992); *Haines v. St. Charles Speedway, Inc.,* 689 F.Supp. 964, 969 (E.D.Mo.1988), *aff'd,* 874 F.2d 572 (8th Cir. 1989). In determining whether a release is ambiguous, the court must consider the whole instrument and the natural and ordinary meaning of the language. *Press Mach. Corp. v. Smith R.P.M. Corp.,* 727 F.2d 781, 784 (8th Cir.1984). If a release is unambiguous, the "intention of the parties and the legal import of the language of a release contract cannot be varied by parol or extrinsic evidence." *Clark v. Booth,* 660 S.W.2d 316, 318 (Mo.Ct.App.1983). Parol evidence is admissible, however, to explain ambiguous language. *Composite Technology, Inc. v. Underwriters at Lloyd's, London,* 762 F.2d 708, 710 (8th Cir.1985); *Hawes v. O.K. Vacu-*

*um & Janitor Supply Co.,* 762 S.W.2d 865, 868 (Mo.Ct.App.1989). Whether a release is ambiguous is a question of law. *Press Mach. Corp.,* 727 F.2d at 784. If the court determines that a release is ambiguous, resolution of the ambiguity is a question of fact for the jury. *Id.*

▪ Another basic rule of construction is that when a release contains both general and specific language, the general language will be "presumed to have been used in subordination to [the specific], and will be construed and limited accordingly." *Hawes,* 762 S.W.2d at 867 (quoting *Holly Inv. Co. v. Land Clearance for Redevelopment Auth. of Kansas City,* 646 S.W.2d 126, 129 (Mo.Ct. App.1988)). If it is possible to harmonize the general and specific language, the release and parol evidence should not be submitted to the jury. *See, e.g., Community Title Co. v. Safeco Ins. Co. of America,* 795 S.W.2d 453, 457 (Mo.Ct.App.1990) (construing general language in subordination to the specific); *Holly,* 646 S.W.2d at 129 (holding that the release was irrelevant as a matter of law and that the court should not have submitted it to the jury). If harmonization is not possible, resolution of the ambiguity remains a question of fact for the jury.

The district court ignored language limiting the scope of the release because it found that the limiting language was not clear and specific. *See Allison,* No. 4:92 CV 1246–DJS, slip op. at 4 (citing *Clark,* 660 S.W.2d at 316; *Liberty v. J.A. Tobin Constr. Co., Inc.,* 512 S.W.2d 886 (Mo.Ct.App.1974)). The requirement of a specific and clear reservation, set forth in *Clark* and *Liberty,* is derived from Mo.Rev.Stat. § 537.060, which addresses contribution between joint tort-feasors. *See Clark,* 660 S.W.2d at 316; *Liberty,* 512 S.W.2d at 886.

We question the district court's reliance on *Clark, Liberty,* and other cases interpreting § 537.060 regarding the release of less than all joint tort-feasors. *See Clark,* 660 S.W.2d at 316; *Liberty,* 512 S.W.2d at 886. The issue before us is whether the June 17, 1992 release is a general release, extinguishing all of Kenneth Allison's claims against Flexway and Stuck, or a release of a more limited scope, extinguishing merely a portion of his

claims against them. Although the principles may be analogous, we are not presented with a case involving the release of non-settling joint tort-feasors.

 Furthermore, § 537.060 was amended significantly in 1983, after *Clark* and *Liberty* were decided.[2] *See Elsie v. Firemaster Apparatus,* 759 S.W.2d 305 (Mo. Ct.App.1988). While the current version of § 537.060 does not "require the court to ignore a plain, clear divestiture of all claims in a general release," a specific and clear reservation, as required by the district court, is no longer required under Missouri law to effectively limit the scope of a release.[3] *Rudisill v. Lewis,* 796 S.W.2d 124, 128 (Mo.Ct.App. 1990). Thus, even assuming that § 537.060 and cases interpreting it apply, Kenneth Allison's failure to clearly reserve his loss of consortium claim in the release would not necessarily render the claim barred. *See Moore v. Bentrup,* 840 S.W.2d 295, 297 (Mo. Ct.App.1992); *Hawes,* 762 S.W.2d at 868.

 We conclude that the district court erred in ignoring specific language in the release that limits its scope. *See Press Mach. Corp.,* 727 F.2d at 784 (holding that the court must consider the "whole instrument"). The language in the first paragraph indicates that all claims arising out of the April 10, 1990 accident are released. Were this the only relevant language, "then the parties' intentions would be clear, parol evidence would be inadmissible, and the release would extinguish" Kenneth Allison's loss of consortium claim. *Hawes,* 762 S.W.2d at 868; *accord Moore,* 840 S.W.2d at 298. The second paragraph, however, contains language which limits the scope of the release to claims set forth in Kenneth Allison's first cause of action. If the latter language accurately reflects the parties' intent, the loss of consortium claim is not barred. Because the release contains clearly conflicting language, we disagree with the district court's conclusion that the release is unambiguous.

 When the resolution of the case "turns upon the intentions of the parties, and parol evidence is necessary to show those intentions, a question of fact exists preventing summary judgment." *Moore,* 840 S.W.2d at 298; *accord Resolution Trust Corp. v. Gibson,* 829 F.Supp. 1121, 1133 (W.D.Mo. 1993); *Hawes,* 762 S.W.2d at 868. Because that is the case here, summary judgment was improperly granted.[4]

### III.

Flexway and Stuck also argue that Kenneth Allison's claim is barred by res judicata and that he impermissibly split his cause of action by not bringing the loss of consortium claim in the first lawsuit. The district court did not address the res judicata issue and only addressed the latter issue in passing. We do not express an opinion on these issues and instruct the district court to consider them on remand.

### IV.

Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.

---

**2.** Section 537.060 currently provides that a release "shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide." Mo.Rev.Stat. § 537.060 (1988).

**3.** A general release "disposes of the whole subject matter or cause of action involved." *Liberty,* 512 S.W.2d at 890.

**4.** We do not reach the issue of whether it is possible to construe and limit the general language in the release in subordination to the specific, such that the district court would determine as a matter of law that the loss of consortium claim is not barred. *See Hawes,* 762 S.W.2d at 867. We hold only that summary judgment dismissing Kenneth Allison's loss of consortium claim was improperly granted.