JAMES RYAN, Appellant, v. CAMPBELL SIXTY-SIX EXPRESS, INC., a Corporation, Respondent.

STATE ex rel. JAMES RYAN, Relator, v. WILLIAM H. KILLOREN, Judge of the Circuit Court of the Eighth Judicial Circuit of Missouri, Respondent, Nos. 44546 and 44565—276 S. W. (2d) 128.

Court en Banc, March 14, 1955.

*William H. Becker, Robert C. Smith, Jr.,* and *Roberts P. Elam* for relator; *Clark & Becker* of counsel.

128

*F. X. Cleary, C. M. Kirkham* and *Moser, Marsalek, Carpenter, Cleary & Carter* for respondents.

[129] WESTHUES, J.—The above cases were consolidated by order of this court. Case No. 44546 is an appeal from an order in the Circuit Court of the City of St. Louis dismissing plaintiff's petition on the ground that the court lacked jurisdiction because a case was pending in the Circuit Court of Boone County, Missouri, involving the same issues. Case No. 44565 is a mandamus proceeding filed by plaintiff Ryan in this court asking this court to order the respondent judge of the Circuit Court of the City of St. Louis, Missouri, to take jurisdiction of Case No. 44546.

The events leading up to this controversy are briefly as follows: Ryan, while driving a truck on July 1, 1952, in Audrain County, Missouri, was injured when his truck collided with a tractor-trailer combination driven by Charles W. Aldridge, as agent of Campbell Sixty-Six Express, Inc. Ryan, on September 19, 1952, filed a suit for damages in the Circuit Court of Boone County, Missouri. Aldridge, the driver, and Campbell Sixty-Six Express, Inc., owner of the tractor-trailer, were named as defendants. On October 9, 1952, these defendants filed a general denial as their answer. On January 14, 1953, the defendants filed an application for a change of venue from Boone County. Ryan then announced that he would dismiss his suit without prejudice and file a suit in the Circuit Court of the City of St. Louis where the defendant Express Company maintains an office. On February 10, 1953, an answer was filed in the Boone County Circuit Court without leave setting up a counterclaim for defendant Campbell Sixty-Six Express, Inc.

On March 9, 1953, there was filed in the Circuit Court of Boone County a suit against James Ryan, the plaintiff in the original suit. The plaintiffs in this suit were Charles W. Aldridge, Campbell Sixty-Six Express, Inc., and C. W. Lindsey. It was alleged in Count I that Aldridge had been injured in the collision in Audrain County and $1000 was asked as damages therefor; in Count II, Campbell Sixty-Six Express, Inc., alleged that the cargo carried by the tractor-trailer had been damaged and $1000 was asked for such damage. It was alleged in Count III that C. W. Lindsey was the owner of the tractor-trailer which it was alleged was damaged in the accident. For such damage $1000 was asked.

On July 10, 1953, James Ryan filed a suit in the Circuit Court of the City of St. Louis against Campbell Sixty-Six Express, Inc., for $75,000 as damages for personal injuries alleged to have been sustained as a result of the collision and $25,000 punitive damages. (There is a second count in the petition which we need not mention since it does not affect the present appeal.) This is the action which was dismissed by the trial judge and from which this appeal was taken. The order of dismissal was entered on February 10, 1954. This order was set aside on May 7, 1954, and on the same day the order of dismissal was reentered. It will be noted that the case was dismissed after the Circuit Court of Boone County had made an order staying the proceedings in that court awaiting the final outcome of the suit filed in St. Louis.

The order staying the proceedings in the Boone County Circuit Court was made on motion to dismiss filed by Ryan on April 8, 1953, wherein he alleged that the suit was filed in bad faith and for the sole purpose of fixing the venue of a trial. A hearing was had on this motion on October 26, 1953. [130] On November 3, 1953, the Circuit Court in Boone County entered the order staying the action

in that court pending the determination of the suit in St. Louis. The court made findings pursuant to the hearing on the motion. To indicate the theory and grounds on which the trial court stayed the proceedings, we quote the following taken from the findings of the court: "Thereafter, on the 9th day of March, 1953 the plaintiffs in this case, being Charles W. Aldridge, Campbell Sixty-Six Express, Inc. and C. W. Lindsey, acting in concert with and at the instance of, and through the attorneys for the liability insurer of Campbell Sixty-Six Express, Inc. did file this action in bad faith for the purpose of depriving James Ryan of the right to file his claim for personal injuries in the city of St. Louis. * * * And the Court doth further find that the said Charles W. Aldridge has stated in his deposition, taken in case No. 41013, that he was not injured in said accident and that conflicting statements have been made in pleadings in this and other causes as to the alleged ownership of said tractor and trailer by Campbell Sixty-Six Express, Inc. or C. W. Lindsey. The Court further finds that in the original petition filed by the said Campbell Sixty-Six Express, Inc. it was alleged that said Campbell Sixty-Six Express, Inc. had been damaged and was liable for damages to the cargo which it carried in its said truck, but that the said Campbell Sixty-Six Express, Inc. has now filed an answer to the written interrogatories served upon it by the defendant stating that it did not in fact suffer cargo damage as a result of said accident, and the Court doth therefore find that the original petition in this cause, Count Two of which was filed in the name of Campbell Sixty-Six Express, Inc., was filed at the instance of the said Campbell Sixty-Six Express, Inc. and the Transport Insurance Company, its liability insurer, solely for the purpose of preventing the said James Ryan from filing his said cause of action for personal injuries in the City of St. Louis, Missouri. And it further appearing to the Court that said James Ryan has stated a cause of action in the suit which he now has pending in the city of St. Louis, Missouri against the said Campbell Sixty-Six Express, Inc. The Court doth therefore determine, after considering the public policy and interest, efficiency, convenience, economy and the bad faith of the plaintiffs herein in instituting said action and in the exercise of its discretion, that it would be to the best interest of justice that Count Two of this petition be stayed pending the prosecution and determination of the St. Louis action, being case number 65973 in Division One of the City of St. Louis, Missouri, and the Court further having determined that it may in its discretion stay further proceedings in this action for the foregoing reasons."

Similar findings were made as to the other two counts of the petition filed in the Boone County Circuit Court by Aldridge, Campbell Sixty-Six Express, Inc., and Lindsey against Ryan.

We are of the opinion that the trial judge of the Circuit Court of Boone County was justified in staying the proceedings in that court

pending the outcome of the case filed by Ryan in the Circuit Court of the City of St. Louis. Plaintiff Ryan in the case filed in Boone County Circuit Court had the right to dismiss his case. Only a general denial and an application for a change of venue had been filed to his petition when he notified the court that he desired to dismiss without prejudice. See Section 510.130, V.A.M.S.; 27 C.J.S. 159-162, Sections 7 and 8; Piatt v. Heim and Overly Realty Co., 342 Mo. 772, 117 S.W. (2d) 327. The order permitting Ryan to dismiss without prejudice and the order striking the counterclaim were entirely proper.

Did the Circuit Court of Boone County have the authority to stay the proceedings in the suit there pending to await the outcome of the suit filed by Ryan in the Circuit Court of the City of St. Louis? As a general rule it is proper to abate or dismiss a second suit where a prior suit is pending in another court involving the same parties and the same subject matter. 1 C.J.S. 58, Section 33. **[131]** There are exceptions to this rule and the case before us comes within the exceptions. See 1 C.J.S. 109, Section 69; Russell v. Taylor, (Texas) 49 S.W.(2d) 733, l.c. 736 (1). In the circumstances, the Circuit Court of Boone County did not abuse its discretion by staying the proceedings, awaiting the final determination of the suit pending in the court in St. Louis. State ex rel. U. S. Fire Ins. Co. v. Terte, 351 Mo. 1089, 176 S.W.(2d) 25, l.c. 30 (7); City of Caruthersville v. Cantrell, Mo. App., 230 S.W.(2d) 160, l.c. 163 (3); 1 C.J.S. 1405, Section 132.

In 1 C.J.S. 1405, Section 133, we find the general rule stated to be as follows: "The granting of a stay of proceedings being largely a matter for the discretion of the court, the grounds on which a stay will be granted vary according to the requirements of the particular case in which the stay is sought." It will be noted that the stay order was entered by the Circuit Court of Boone County on November 3, 1953. Thereafter, on May 7, 1954, respondent in the mandamus proceeding, the Honorable William H. Killoren, Judge of the Circuit Court of the City of St. Louis, dismissed Ryan's petition on the ground that the court did not have jurisdiction because of the pending action in Boone County. We hold that the court was in error and that it did have jurisdiction to proceed with the case.

It is therefore ordered in Case No. 44565 that our writ of mandamus be made peremptory that respondent judge take jurisdiction of the case of James Ryan v. Campbell Sixty-Six Express, Inc.

In Case No. 44546, wherein Ryan's petition was dismissed, the order of dismissal should be set aside and the cause remanded for further proceedings.

It is so ordered.

*Leedy, C.J., Dalton, Hollingsworth, Hyde, Ellison,* JJ., and *Cave,* Special Judge, concur.