R. Sheldon STAFFORD and Ruth M. Stafford, Respondents,

v.

The TRAVELERS INSURANCE COMPANY, Appellant.

No. KCD 27191.

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.
Motion for Rehearing and/or Transfer Denied Nov. 19, 1975.

Glenn McCann, Stephen D. Manz, Kansas City, for appellant.

Joseph H. Moore, Kansas City, for respondents.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant Travelers Insurance Company (Travelers) appeals from a judgment in favor of plaintiffs on a fire insurance policy following a trial without a jury.

Travelers issued a fire policy to plaintiffs which provided coverage in the amount of $50,000 for the dwelling and $5,000 for appurtenant private structures. Travelers paid the $50,000 for total loss to plaintiff's dwelling and the sole issue in this case is whether or not Travelers is obligated to pay plaintiffs $5,000 under the appurtenant private structures coverage for a garage which was also totally destroyed.

Plaintiffs' house faced Lake Lotawana with a two story exposure toward the water. The actual rear of the house was on the west toward the road with only the upper story exposed at that point. The garage was built after the house and occupied a single story on the same level as the upper story of the house facing the west. A corner of the garage touched the northwest corner of the house with the garage then extending toward the south and west at about a 45° angle from the house. This resulted in the garage extending on the west beyond the west side of the house. Both the house and the garage had complete exterior walls, however, there was a concrete area between the two from the point where the corners came in contact and extending almost one-half of the width of the garage. This concrete area had been enclosed with a wall on the southwest and a roof.

The area between the house and the garage was referred to as a breezeway and was used primarily for food storage. The garage was used for the normal purpose of storing automobiles, but in addition, a lawnmower and a deep freeze were located there. The roofline of the breezeway was not level with the house and garage, so there was not a common roofline extending from the garage to the house.

According to plaintiff's testimony they had paid $55,000 for the house, including the garage and lot. The policy provisions which give rise to this controversy are contained in what are referred to as Coverages "A" and "B". The portion of Coverage "A" causing the difficulty reads as follows: "This policy covers: (a) the building described, including additions in contact therewith, occupied principally for dwelling purposes." The portion of Coverage "B" in question reads: "This policy covers private structures appertaining to the premises and located thereon, . . . This coverage does not include . . . (b) any structure (except structures used principally for private garage purposes) which are wholly rented or leased to other than a tenant of the described dwelling."

The plaintiffs contend they are entitled to the $5,000 in coverage afforded under Coverage "B" because in their view the garage was a private structure appertaining to the premises. Travelers contends the plaintiffs are not entitled to any more than the $50,000 paid under Coverage "A" because the garage was included under that coverage.

The trial court made findings of fact and conclusions of law in which it was concluded the garage was an appurtenant private structure which fell under Coverage "B".

 It is rudimentary that the test of the meaning of a nontechnical word in an insurance policy is not the meaning given it by insurance experts, but rather the courts are concerned with the meaning which would be ordinarily understood by the layman who purchased the policy. *Adams v. Covenant Security Insurance Company*, 465 S.W.2d 32, 34 (Mo.App.1971). Also the objective is to determine the intent of the parties, and this is to be drawn from the language employed. *Reese v. Preferred Risk Mutual Insurance Company*, 457 S.W.2d 205 (Mo. App.1970).

Assuming arguendo the garage was covered under Coverage "A", there can be no question it was also covered under "B". The language of "B" clearly includes a garage in express terms. The language used is tested by common understanding and speech of men. *Greer v. Zurich Insurance Company*, 441 S.W.2d 15 (Mo.1969). Under this test the garage was covered by Coverage "B".

Travelers has argued only the garage is included in Coverage "A", and for that reason plaintiff is not entitled to recover under "B". It advances no basis on which to deny coverage under "B". Neither does it give any reason to deny coverage under "B" even if a garage was included under both coverages. Independent reading of the policy reveals no impediment to plaintiff recovering if the garage is included in both clauses. If Travelers intended to limit coverage to just one of the two provisions, it

should have done so by clear and unmistakable language. *Rosen-Reichardt Brokerage Co. v. London Assur. Corp.*, 214 Mo.App. 672, 264 S.W. 433 (1924). Absent a policy provision or any argument demonstrating a bar to recovery under "B", even if the garage was covered under "A", plaintiffs may be paid under "B".

For these reasons plaintiffs are entitled to be paid the coverage for the garage under Coverage "B". The judgment is affirmed.

All concur.