**David BLISSENBACH and Luanna Blissenbach, Plaintiffs-Respondents,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Defendant-Appellant.**

**No. 48846.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Evans & Dixon, Laura B. Allen, Edward S. Meyer, St. Louis, for defendant-appellant.

Rodney H. Powell, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

This action involves a claim for damages brought by plaintiffs-respondents David and Luanna Blissenbach against defendant-appellant Provident Life & Accident Insurance Company for medical expenses arising from the birth of their son. The trial court granted summary judgment in favor of the Blissenbachs in the amount of $1,813.23. We affirm.

On or about May 1, 1976, Provident Life & Accident Insurance Company (Provident Life) issued its group insurance policy # G–316 to Alvin Optical Enterprises, Inc. David Blissenbach, an employee of Alvin Optical, and his wife, Luanna, enrolled to obtain coverage under the policy. On September 27, 1977, employment was terminated. On December 1, 1977, Alvin Optical failed to pay the premium due for the policy. The policy was cancelled effective December 31, 1977.

Thereafter, Luanna Blissenbach gave birth to a child on January 16, 1978. The Blissenbachs filed a claim for benefits under the group insurance policy. Provident Life declined to pay the claim asserting the master policy had been terminated on December 31, 1977.

Provident Life's sole point on appeal contends the trial court erred in finding the group insurance policy afforded maternity benefits because the plain and unambiguous terms of the contract provided no coverage unless the master policy was in effect and the Blissenbachs' incurred no hospitalization or obstetrical expenses until after cancellation of the master policy.

It is well settled that a master group policy can be cancelled or modified by the group sponsor, so as to terminate the coverage of an individual member, without the latter's consent, if such a right is given by the contract. *Satz v. Prudential Insurance Company of America,* 225 S.W.2d 480, 482 (Mo.App.1949) However, to defeat liability on an insurance contract, the termination must be effective before any liability attaches. *Kingsland v. Missouri State Life Insurance Company,* 228 Mo.App. 198, 66 S.W.2d 959, 961 (1934). Thus, the issue before this court is whether the contract provided insurance for medical and hospital expenses for an injury or illness (pregnancy) occurring during the life of the policy or for the payment of the

costs of such services incurred during the policy period.

In relation to pregnancy, courts have generally followed two lines of reasoning. Courts have based their decisions as to the insurer's liability for hospital and medical expenses upon a consideration of whether the language of the policy provided coverage only for childbirth occurring during the policy term, *Lundquist v. Illinois Life & Accident Insurance Co.*, 24 Ill.App.2d 316, 164 N.E.2d 293 (1960), or whether it also provided coverage for any condition arising out of, and during, pregnancy, *Blue Cross-Blue Shield of Alabama v. Turner*, 43 Ala.App. 542, 195 So.2d 807 (1966), in the event of which the insurer's liability was ruled to have become fixed at the moment of the conception of a child by the insured.

*Turner* was a case where the group insurance policy provided for maternity care benefits "for any condition arising out of and during pregnancy." The court held that the liability of the insurer attached at the moment of conception, and that through the payment of premiums the insured had obtained an interest in the policy which was sufficient to prevent a cancellation. In so ruling, the court distinguished the policy language in this case from that which was involved in *Lundquist*, wherein the policy in question provided, "when the insured, if a married woman, or the wife of the insured, if a dependent, shall while this policy is in force ..., give birth to a child or children, the Company will pay the expense actually incurred in connection therewith...." The court emphasized that under the policy insuring the plaintiff in *Turner*, benefits were provided not just for childbirth but "for any condition arising out of and during pregnancy."

▉ In the case at bar, the master policy stated in relevant part:

With respect to pregnancy, benefits will be payable as provided above for confinement beginning within nine months after termination of insurance if the pregnancy of the employee or dependent wife exists on the date of such termination, and if benefits would have been payable and the confinement begun on the date of termination of insurance. This provision shall be applicable only if this policy is in effect on the date of commencement of confinement.

This policy is similar to that of *Turner's*. Coverage began at the moment of conception. The coverage was for the condition arising out of and during pregnancy. Thus, liability attached before termination could be affected. *Kingsland.*

Judgment affirmed.

GAERTNER, J., concurs with separate opinion.

KAROHL, J., concurs.

GAERTNER, Judge, concurring.

I concur in the majority result, but for somewhat different reasons.

The Supreme Court in *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695 (Mo.banc 1982), succinctly stated the law regarding interpretation of insurance contracts:

The rules of construction applicable to insurance contracts require that the language used be given its plain meaning. *Madison Block Pharmacy, Inc. v. United States Fidelity & Guaranty Co.*, 620 S.W.2d 343, 346 (Mo. banc 1981); *Moskowitz v. Equitable Life Assur. Soc. of the United States*, 544 S.W.2d 13, 20 (Mo. banc 1976). If the language is unambiguous the policy must be enforced according to such language. *Moskowitz*, 544 S.W.2d at 20; *State Farm Mutual Automobile Co. v. Thomas*, 549 S.W.2d 616, 618 (Mo.App.1977). If the language is ambiguous it will be construed against the insurer. *Meyer Jewelry Co. v. General Insurance Co. of America*, 422 S.W.2d 617, 623 (Mo.1968). Language is ambiguous if it is reasonably open to different constructions; and language used will be viewed in light of "the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Stafford v. Travelers Ins. Co.*, 530 S.W.2d 23, 25 (Mo.App.1975).

*Id.* at 698.

The provisions of the master policy relating to maternity benefits are set forth in

the majority opinion. Within the same policy clause, the drafters state benefits will be paid "for confinement beginning within nine months *after termination of insurance*" and simultaneously provide "the provision shall be applicable *only if this policy is in effect on the date of commencement of confinement.*" (emphasis added). Applying the rules set forth in *Robin*, it is clear this language is ambiguous to say the least. The former provision provides for pregnancy benefits even after the termination of the policy whereas the latter section attempts to negate this coverage. Thus, within the same clause coverage is both given and taken away.

As an insurance contract, the language of the policy must be interpreted in favor of the insured and against the insurer. *Robin*, 637 S.W.2d at 698.

Accordingly, for the reason that the conflict in policy terms must be resolved in favor of the insured, I concur in the affirmance.