**In the Matter of K.A.P. and C.T.P., Minors.**

**No. WD 40335.**

Missouri Court of Appeals,
Western District.

Nov. 8, 1988.

Robert J. Dierkes, Columbia, for appellants Eugene T. and Jacqueline Pierce.

Ronald H. Bartlett, Columbia, for respondents Marion W. and Alberta Dey.

Before KENNEDY, C.J., and BERREY and FENNER, JJ.

KENNEDY, Chief Judge.

Marion and Alberta Dey are co-guardians of twin boys, K.A.P. and C.T.P., seven years old at time of trial. Marion Dey is the maternal grandfather of K.A.P. and C.T.P., and Alberta Dey is married to Marion Dey. On April 14, 1987, Eugene and Jacqueline Pierce, the paternal grandparents, filed a motion to remove Marion and Alberta Dey as co-guardians, on the ground (among others) that Marion Dey was not a "fit and proper person" to have custody of K.A.P. and C.T.P., in that "Marion W. Dey is known to have sexually assaulted a young child in the recent past." A hearing was held and on February 4, 1988, the trial court denied the Pierces' motion to remove the Deys as co-guardians of the children. This appeal followed.

The judgment is affirmed.

Marion and Alberta Dey were appointed co-guardians of K.A.P. and C.T.P. on October 30, 1986. The children's parents both consented to this appointment. The appointment resulted after the children had been in a very unstable environment for a number of years. They had lived in several different homes and were in poor health at the time of the appointment.

Appellant on appeal argues that the trial court under the evidence should have found Marion W. Dey unfit to serve as the children's guardian and that it erred in refusing to remove him and Alberta Dey. There was no direct evidence of Marion W. Dey's sexual assault upon a young girl, but the Pierces rely upon his refusal to answer a series of questions about his alleged sexual contact with a female under 16 years of age, claiming the privilege against self-incrimination.

In civil cases, a witness's invocation of his privilege against self-incrimination justifies an inference that, if he had answered the question truthfully, the answer would have been unfavorable to him. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821 (1976); *In re Monnig*, 638 S.W.2d 782 (Mo.App. 1982); *Harwell v. Harwell*, 355 S.W.2d 137 (Mo.App.1962).

Against the adverse inference raised by Dey's refusal to answer the sexual contact questions, there was on the other hand a great deal of evidence tending to show the Deys were providing a healthful and wholesome environment for the children. They were doing well in school. Their health needs were being met. They were adjusting well to the Dey home. The home was adequate from the standpoint of physical facilities. The Deys' discipline was appropriate. The children's home life in the Dey home was stable. The trial court, considering all the evidence, including Marion W. Dey's refusal to answer the sexual contact questions, declined to remove the Deys as guardians.

The scope of review by this court is limited to determining whether there is substantial evidence to support the trial court's judgment. The trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is also well established that credibility of witnesses and the weight to be given their testimony is for the trial

court to determine. *In the Estate of Graves*, 684 S.W.2d 925, 928 (Mo.App.1985). We find that the evidence supported the trial court's judgment denying the petition to remove the Deys as guardians of the children.

JUDGMENT AFFIRMED.

All concur.