Kenneth Dale GREEN, Respondent,

v.

Frank Ross MILLER, A/K/A Franklin
M. Ross, Appellant.

No. WD 45598.

Missouri Court of Appeals,
Western District.

Feb. 9, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 30, 1993.

Application to Transfer Denied
May 25, 1993.

Glenn E. Bradford, Jacqueline A. Cook,
Wyrsch, Atwell, Mirakian, Lee & Hobbs,
P.C., Kansas City, for appellant.

Thomas E. Hankins, Thomas E. Hankins, P.C., Gladstone, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Frank Ross Miller, a/k/a Franklin M. Ross, appeals from the adverse judgment awarding Kenneth Dale Green $350,000 actual damages and $25,000 punitive damages pursuant to a jury verdict for Mr. Green in those amounts for personal injuries Mr. Green sustained when Mr. Miller shot him. Mr. Miller claims the trial court erred in (1) permitting witness Lisa Baker to testify as to his net worth, (2) permitting the introduction of his deposition into evidence, (3) denying his motion for a new trial or, in the alternative, for remittitur of the jury's verdict, and (4) denying his motion for continuance and stay of the civil matter pending disposition of a related criminal matter. The judgment of the trial court is affirmed.

During the course of a dispute between Mr. Miller and Mr. Green outside a bar in Kansas City on August 5, 1989, Mr. Miller shot at Mr. Green with a twenty-five caliber automatic pistol. Two of the bullets shot from the pistol struck Mr. Green. One bullet passed through the fleshy part of his left elbow, and the other bullet struck his sternum and traveled downward through the lining of his stomach, damaged his small intestine, and lodged near the fifth lumbar vertebra.

Mr. Green sued Mr. Miller. Mr. Green's petition, filed October 16, 1989, sought judgment against Mr. Miller for $500,000 actual damages and $500,000 punitive damages and for his costs incurred in pursuing the action. On September 17, 1991, Mr. Miller filed a motion to continue the trial pending disposition of the related pending criminal case involving Mr. Miller. The trial court denied the motion for continuance, and the parties proceeded to trial by jury on September 23, 1991.

At the conclusion of the trial, the jury returned its verdict awarding Mr. Green $350,000 actual damages and $25,000 punitive damages. Mr. Miller timely filed a motion for new trial, and alternatively sought remittitur of the jury's verdict of actual and punitive damages. The trial court denied Mr. Miller's motion, and this appeal followed.

I.

■ Mr. Miller contends as his first point on appeal that the trial court erred in allowing Lisa Baker to testify as to his net worth. Ms. Baker was Mr. Green's friend, an acquaintance of Mr. Miller, and a witness to the August 5, 1989, altercation. She testified at trial that Mr. Miller had told her the evening Mr. Green was shot that "he had money in a trust fund over a 15–year period that was split up among his family."

Mr. Miller objected at trial to Ms. Baker's testimony concerning the trust fund on two grounds: (1) her testimony was not the best evidence, and (2) there was an insufficient foundation for the introduction of her statements. In his point relied on in his appellate brief, however, Mr. Miller argues that the appellate court should find the trial court erred in permitting Ms. Baker's testimony relating to his net worth because her testimony "was neither competent nor relevant as to that issue."

■ By not presenting the two grounds for the objection asserted at trial in his points relied on, Mr. Miller has waived them, for issues not presented in the points to be argued in an appellate brief are abandoned and will not be considered by a reviewing court. *Boyer v. Grandview Manor Care Ctr.*, 793 S.W.2d 346, 347 (Mo. banc 1990). This court cannot address the grounds for error asserted in Mr. Miller's point on appeal because the assertion was not expressed to the trial court, and an appellant is not permitted to broaden the scope of his or her objections on appeal beyond that made in the trial court. *Burow v. Red Line Serv., Inc.*, 343 Mo. 605, 610, 122 S.W.2d 919, 921 (Mo.1938); *Plumlee v. Ramsay Dry Goods Co.*, 451 S.W.2d 603, 605 (Mo.App.1970). The first point is therefore denied.

## II.

■ Mr. Miller alleges as his second point on appeal that the trial court erred in permitting introduction of an excerpt from his deposition refusing to respond to a question about his financial resources and asserting his constitutional right not to be compelled to incriminate himself pursuant to the fifth amendment to the United States Constitution and article I, section 19 of the Missouri Constitution. The specific deposition question and answer are:

Q: Isn't it true, sir, that you are a beneficiary of a trust that has assets well in excess of $1,000,000?

A: I assert the same privilege as previously asserted following question number 2.[1]

Mr. Miller argues that this evidence biased the jury.

■ When determining the amount of punitive damages to be awarded, the worth or financial condition of the tortfeasor is a relevant consideration. *Beggs v. Universal C.I.T. Credit Corp.*, 409 S.W.2d 719, 724 (Mo.1966); *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 324 (Mo.App. 1991). Lisa Baker testified that Mr. Miller told her of his interest in a trust. During discussions between the parties' counsel and the trial judge at the bench outside the hearing of the jury, Mr. Miller's attorney acknowledged that Mr. Miller was a beneficiary of a trust to be paid out in twelve years. Mr. Green was not without a basis for introducing the deposition question and Mr. Miller's answer. Mr. Miller could have presented evidence to clarify the nature and value of the trust, but he chose not to do so. The jury was allowed to infer in this civil case that where Mr. Miller asserted his privilege against self-incrimination in response to a question, the answer to the question would have been unfavorable to

him. *In re K.A.P.*, 760 S.W.2d 553, 554 (Mo.App.1988). The second point is denied.

## III.

■ As his third point on appeal, Mr. Miller asserts that the trial court erred in denying his motion for new trial or, in the alternative, for remittitur. Mr. Miller contends that the jury's award of $350,000 in actual damages and $25,000 in punitive damages was excessive and not supported by the evidence.

Although an appellate court may determine, as a matter of law, whether a verdict is in excess of that which the evidence will support, the assessment of damages is primarily the function of the jury. *Gathright v. Pendegraft*, 433 S.W.2d 299, 317 (Mo. 1968); *Gardner v. Reynolds*, 775 S.W.2d 173, 175 (Mo.App.1989). The jury's determination of damages to be awarded should not be disturbed on appeal unless the amount is "so grossly excessive that it shocks the conscience of the court." *Gardner*, 775 S.W.2d at 175.

Neither the award of actual damages nor the award of punitive damages is "shocking" in this case. Mr. Miller responded to a comment made by Mr. Green [2] by shooting Mr. Green twice with a twenty-five caliber automatic pistol. One of the bullets passed through the fleshy part of Mr. Green's elbow and, according to the testimony of Mr. Miller's medical expert, Dr. Bernard M. Abrams, could be the source of the continuing discomfort Mr. Green experienced in his arm. The second bullet struck Mr. Green in his sternum, traveled downward through the lining of his stomach, damaged his small intestine, and lodged near the fifth lumbar vertebra.

As a result of the injuries caused by the second bullet, part of Mr. Green's sternum was surgically removed. Exploratory lapa-

1. Mr. Miller's answer to the second deposition question was:

I refuse to answer the questions on the following grounds: My constitutional right not to incriminate me as guaranteed under the United States and Missouri Constitutions; my right of privacy as guaranteed to me under the United States and Missouri Constitutions; my right to freedom of association and not to

speak as guaranteed to me under the United States and Missouri Constitutions; under the attorney-client, work product and marital privileges; and other applicable privileges.

2. As Mr. Miller left the parking lot of the bar in his car, Mr. Green shouted after him, "See you later, asshole."

rotomy was required (an incision in the abdominal wall to determine the extent of bleeding and to make any necessary repairs). Mr. Green incurred injuries to his stomach and small bowel which required surgical repair. While Mr. Green was hospitalized he suffered a partial collapse of one of his lungs as a consequence of his "guarding" (shallow breathing to avoid pain) following the abdominal incision.

At the time of the trial, the second bullet remained lodged in Mr. Green's back. Dr. Abrams testified that the bullet was the probable cause of the lower back pain Mr. Green suffered and explained how increased activity or movement, including Mr. Green's performance of his work duties as a truck driver, exacerbates the pain. Dr. Abrams also stated that migration of the bullet within Mr. Green's body was possible and that such a possibility was a source of anxiety to Mr. Green. Specifically, Dr. Abrams noted that it was possible for the bullet to migrate to the L5 nerve root and cause motor weakness and sensory abnormality in Mr. Green's legs. Dr. Abrams also believed that, although only remotely possible, the bullet could migrate to the aorta, causing death.

At the time of the trial, Mr. Green had incurred almost $14,000 in medical bills and was restricted from working for two months. Dr. Abrams believed that Mr. Green required further medical treatment for his gunshot wounds, including a CAT scan and surgery to remove the bullet fragment. Although Dr. Abrams could not state the exact cost for the additional treatment, Dr. Abrams estimated that the surgery alone would be "several thousand dollars."

Although Mr. Miller claims the large verdict in this case is the result of jury bias or prejudice, the record reveals no evidence of bias or prejudice on the jury's part. Based on Mr. Miller's actions and the resulting injuries and expenses Mr. Green has suffered and continues to experience, the award of $350,000 in actual damages and $25,000 in punitive damages is not excessive. Point three is denied.

## IV.

In his final point on appeal, Mr. Miller claims that the trial court abused its discretion in denying his motion for continuance and stay of this civil matter until disposition of pending criminal charges based on the same underlying facts as the civil suit. At the time this civil case was proceeding in the circuit court, Mr. Miller had been convicted of assault in the first degree, section 565.050, RSMo 1986, and armed criminal action, section 571.015, RSMo 1986, and had filed an appeal of those convictions with this court. Mr. Miller asserts that as a result of the trial court's denial of his request for a stay, he was unfairly forced to choose between preserving his right against self-incrimination and defending the civil matter.

The granting or refusing of a stay of proceedings rests in the trial court's discretion, the exercise of which will not be disturbed on appeal unless clearly abused. *Ryan v. Campbell Sixty–Six Express, Inc.*, 365 Mo. 127, 133, 276 S.W.2d 128, 131 (Mo. banc 1955); *In the Interest of S.M.*, 750 S.W.2d 650, 655 (Mo.App.1988). While a trial court has the power to grant a stay of proceedings on the ground that another action is pending, whether it should be granted in a particular case is discretionary with the trial court hearing that case. *In the Interest of S.M.*, 750 S.W.2d at 655.

Mr. Miller was neither forced to waive his right against self-incrimination nor was he prevented from defending the civil matter. Mr. Miller chose not to testify. Mr. Miller alleges that the "threat" that "a negative inference would be elicited from him" through the invocation of his fifth amendment and article I, section 19 rights became real "with the questions solicited to [him], during depositions, regarding his net worth and the trust." However, Mr. Miller could have resolved any confusion concerning his net worth and his interest in the trust without incriminating himself by testifying about his interest in the trust and his net worth or by presenting some evidence concerning his financial condition. *See, e.g., In the Interest of S.M.*, 750

S.W.2d at 655–56, where the appellate court found that the trial court's denial of a divorced father's stay of proceedings to restrict his visitation with his children pending the resolution of a criminal trial in which the father was accused of sexually abusing the children was not an abuse of discretion, as the father made the decision not to testify at all, even though he could have elected to testify in certain areas while claiming his fifth amendment rights in other areas. Furthermore, this court finds no evidence of prejudice in the amount of the jury's verdict. *See supra* section III. Mr. Green was entitled to timely compensation for his injuries. The trial court did not abuse its discretion in refusing to grant Mr. Miller's motion for a stay of proceedings. The fourth point on appeal is denied.

The judgment is affirmed.

All concur.