Gladys WOODFILL, Plaintiff–Respondent

v.

SHELTER MUTUAL INSURANCE CO., Defendant–Appellant.

No. 19028.

Missouri Court of Appeals, Southern District, Division One.

June 22, 1994.

June Clark, Carmichael, Carlson, Gardner & Clark, Springfield, for appellant.

M. Roger Carlin, Evenson, Carlin & Le-Page, Pineville, for respondent.

PARRISH, Chief Judge.

Shelter Mutual Insurance Co. (Shelter) appeals a summary judgment that held a certain policy of insurance issued by Shelter provided coverage for losses from the destruction of two buildings that collapsed as a result of accumulated rain, sleet and snow. The trial court found that the policy of insurance was ambiguous and granted summary

judgment in favor of the insured. This court affirms.

Gladys Woodfill (plaintiff) owned real estate near Powell, Missouri. Her residence and other buildings were on the property. She obtained a "Farmowners Insurance Policy" from Shelter that insured the residence and certain out-buildings. The policy was in effect March 5, 1989, when two of the out-buildings collapsed from accumulations of rain, sleet and snow on the buildings' roof-tops.

Plaintiff filed a claim with Shelter for damages she sustained by reason of the collapse of the two buildings (referred to by plaintiff as "turkey houses"). Shelter denied the claim on the basis that the insurance policy did not cover damages caused by the weight of ice, snow or sleet. Plaintiff then filed this action seeking damages from Shelter for breach of contract (Count I) and the declaration that the policy of insurance "provided coverage for collapse of the turkey houses due to the weight of accumulation of ice, snow and sleet" (Count II).

The trial court entered summary judgment for plaintiff.[1] It awarded damages in the amount of $60,000.

■ This court's review of a summary judgment "is essentially *de novo*." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). However, "[t]he questions for decision on appeal are those stated in the points relied on." *In re Matter of Trust of McDonald*, 858 S.W.2d 271, 280 (Mo.App. 1993). Issues considered by the trial court that are not presented in an appellant's points relied on are not for review. *Id.; see also Green v. Miller*, 851 S.W.2d 553, 554 (Mo.App.1993).

Shelter's first point asserts:

The trial court erred in granting summary judgment for plaintiff for the reason that, if the insurance policy in question is ambiguous, the [trial] court should have considered parol evidence and looked fur-

---

1. Plaintiff's petition included an alternative count, Count III, in which she sought damages for fraudulent misrepresentation. The trial court did not dispose of Count III; however, it deter-mined there was "no just reason for delay" and entered judgment as to Count I and Count II. *See* Rule 74.01(b).

ther than the language of the contract in making its determination as to the coverage of the policy.

Shelter relies on *Moore v. Bentrup*, 840 S.W.2d 295 (Mo.App.1992); *Hawes v. O.K. Vacuum & Janitor Supply*, 762 S.W.2d 865 (Mo.App.1989); *Signature Pool & Court v. City of Manchester*, 743 S.W.2d 538 (Mo.App. 1987); and *National Merchandising Corp. v. McAlpin*, 440 S.W.2d 489 (Mo.App.1969), for the proposition that if the insurance policy was ambiguous, the trial court erred in granting summary judgment. Shelter contends the trial court should have denied summary judgment so that parol evidence could be adduced to determine the intentions and understanding of the parties as to the policy's meaning.

▪ The cases on which Shelter relies do not involve interpretations of insurance policies. They involve questions of material facts germane to commercial contracts. There is no issue in this case over a material fact. Where there is no issue over a material fact with respect to interpretation of an insurance policy, but there is a question about the meaning of the language of the policy—whether the language affords coverage for a loss—the matter in dispute is a question of law. *Moore v. Commercial Union Ins. Co.*, 754 S.W.2d 16, 18 (Mo.App.1988). To determine whether the loss is covered by a particular policy of insurance, the language of the insurance policy is compared to the petition filed by the insured. Summary judgment is properly granted in those circumstances. *Id.* Point I is denied.

Shelter's second point states:

The trial court erred in granting summary judgment for plaintiff for the reason that the court specifically ruled that the policy in question provided no coverage for collapse caused by the weight of ice, sleet and snow; thus, the court was able to interpret the policy and must adhere to the terms of the policy as interpreted.

The trial court's judgment entry begins with the recital:

Court reviews insurance policy. After several reviews, Court finds that there was no coverage due to collapse by weight of ice, sleet and snow attaching to the farm structures. However, this policy is not a model of clarity. To follow the request of the defense [i.e., Shelter] requires the Court to read the policy in a highly technical manner which *no* reasonable person purchasing insurance would have done.

The summary judgment includes the finding, "The policy is written in such an ambiguous manner that one must prepare a chart to determine which items are excluded." The judgment entry analyzes provisions in the insurance policy. It concludes that the language is ambiguous and confusing as to whether coverage is provided for damages caused by "[w]eight of ice, snow or sleet." The judgment entry states:

Therefore, Court interprets said ambiguity strictly against the defendant [i.e., Shelter] and finds plaintiff is entitled to a Summary Judgment, awarding plaintiff $60,000.00 for destruction of the turkey poultry houses plus interest at 9% per annum from March 16, 1989 to date.

Point II questions the relationship between the trial court's judgment entry in favor of plaintiff and its recital, "After several reviews, Court finds that there was no coverage due to collapse by weight of ice, sleet and snow attaching to the farm structures." The point relied on does not assert that the summary judgment in favor of plaintiff was substantively erroneous. Rather, it challenges the operation and construction of the judgment. The question that is presented is how the judgment must be construed.

▪ "The general rules of construction of written instruments apply to the construction of judgments." *Hampton v. Hampton*, 536 S.W.2d 324, 325 (Mo.App.1976). In construing a judgment, a court must examine and consider the language of the judgment in its entirety. *Jeans v. Jeans*, 314 S.W.2d 922, 925 (Mo.App.1958). The intention of the court must be determined from all parts of the judgment, and words and clauses are to be construed according to their natural and legal import. *Keiser v. Wiedmer*, 283 S.W.2d 914, 919 (Mo.App.1955).

▪ A reviewing court is concerned with the "sense" of the judgment rather than the

"abstract force" of its language. *Jeans v. Jeans, supra.* The judgment's meaning should be determined in light of the character and object of the proceeding. *State v. Schieber,* 760 S.W.2d 557, 559 (Mo.App.1988).

■ The trial court rendered judgment for plaintiff in the amount of $60,000. The trial court found that the insurance policy was ambiguous; that its provisions were to be construed favorably to its insured—to plaintiff. The recital that Shelter asserts should be enforced is inconsistent with the trial court's express adjudication. "[I]f there is an inconsistency between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals." *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 141 (banc 1952).

■ To the extent the trial court's decree that plaintiff recover judgment in the amount of $60,000 from Shelter is inconsistent with its recital that a highly technical reading would determine that no coverage was provided under the terms of the policy, the decretal portion of the judgment controls. A reading of the trial court's judgment entry in its entirety, as well as the trial court's findings and conclusions, convinces this court that the disposition set forth in the decretal part of the judgment states the disposition the trial court intended. Shelter's second point fails.

Although neither of Shelter's points relied on claims the trial court erred in determining that the insurance policy was ambiguous, Shelter argues that issue in conjunction with its second point. Since the issue is not presented in a point relied on, it is not preserved for review on appeal. *In re Matter of Trust of McDonald, supra; Green v. Miller, supra.* Nevertheless, as permitted by Rule 84.13, this court has, gratuitously, considered whether an error occurred that affected substantial rights and may have produced manifest injustice or miscarriage of justice.

■ In construing insurance policies, applicable rules of construction "require that the language used be given its plain meaning." *Robin v. Blue Cross Hospital Service, Inc.,* 637 S.W.2d 695, 698 (Mo. banc 1982).

If the language is ambiguous it will be construed against the insurer. *Meyer Jewelry Co. v. General Insurance Co. of America,* 422 S.W.2d 617, 623 (Mo.1968). Language is ambiguous if it is reasonably open to different constructions; and language used will be viewed in light of "the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Stafford v. Travelers Ins. Co.,* 530 S.W.2d 23, 25 (Mo.App.1975).

*Id.* This court finds no plain error in the trial court's determination that the insurance policy was ambiguous and its award of summary judgment to plaintiff. No manifest injustice nor miscarriage of justice occurred. Point II is denied. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.