

# Missouri Court of Appeals

## Southern District

### Division Two

JANET ANNETTE (ANDERSON) DAVIS, )
)
    Petitioner-Appellant, )
)
v. ) No. SD32582
) Filed: 10-8-14
RICHARD DOUGLAS ANDERSON, )
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Associate Circuit Judge

## REVERSED AND REMANDED

Janet Davis (Wife) appeals from a judgment quashing Wife's garnishments and denying her request for attorney's fees. Wife presents five points on appeal, but the alleged errors can be grouped into three categories. Wife contends the trial court erred by: (1) erroneously calculating the amount of child support owed by Richard Anderson (Husband); (2) erroneously calculating the amount of credit Husband should receive for prior payments; and (3) denying Wife's request for attorney's fees. We agree with Wife that the trial court erred in calculating the amount of child support Husband owed. Therefore, we reverse the judgment and remand the case for further proceedings consistent with this opinion. Because this error affected the trial court's credit calculation

and could have affected its ruling on Wife's request for attorney's fees, we also instruct the trial court on remand to reconsider those two issues.

## Factual and Procedural Background

A judgment dissolving Wife's marriage to Husband was entered on February 1, 1990. The parties had four children: the oldest child, Erik (Erik); and triplets Jessica, Jackie and Jason (hereinafter referred to individually by their given names and collectively as the triplets). Husband was ordered to pay $880 per month as child support for the four minor children and one-half of their uninsured medical expenses.

In December 2003, the trial court granted Wife's motion to modify and entered the first amended judgment. Husband was ordered to pay child support for the four minor children in the amount of: (1) $1,323 per month from October 1, 2002 through August 1, 2003; and (2) $2,030 per month beginning September 1, 2003. The latter sum included $708 per month for Erik's college expenses.

In August 2006, Wife filed a motion to modify the amended judgment. The motion alleged that the parties' financial circumstances had changed because the triplets were going to start college in the fall of 2006.

On July 19, 2007, a hearing was held on Wife's motion to modify. Wife's Exhibits T, U, V and W are Form 14s bearing a July 19, 2007 date. Each exhibit refers only to the triplets. Exhibit T was for the period of August 2006 through December 2006 and calculated a presumed child support amount of $3,819. Exhibit U was for the period of January 2007 through May 2007 and calculated a presumed child support amount of $3,739. Exhibit V was for the period of June 2007 through August 2007 and calculated a presumed child support amount of $999. Exhibit W was for the period of September 2007 forward and calculated a presumed child support amount of $3,343.

2

On July 25, 2007, the trial court entered its second amended judgment. Judge Sweeney made the following relevant findings:

2. On December 5, 2003, Judgment was entered ordering [Husband] to pay child support to [Wife] for the four minor children in the amount of $2,030.00 per month beginning September 1, 2003, in addition to the arrearage child support in the amount of $5,753.00. The $2,030.00 child support amount included $708.00 per month to pay college expenses for the parties' oldest child, Erik ….

7. The Court finds that the presumed correct child support amount for the period August 2006 through December 2006 as calculated by [Wife], pursuant to Section 452.340.8, RSMo. 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is $3,819.00 per month; and, that after consideration of all relevant factors pursuant to Section 452.340.8 and Rule 88.01, is not rebutted as being unjust or inappropriate. The Amended Judgment entered on December 5, 2003 included $991.50 ($2030.00 - $708.00 = $1,322.00/ 4 x 3) for the support of Jessica, Jackie, and Jason. The $3,819.00 per month will be reduced to $2,827.50.

8. The Court finds that the presumed correct child support amount for the period January 2007 through May 2007 as calculated by [Wife], pursuant to Section 452.340.8, RSMo. 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is $3,739.00 per month; and, that after consideration of all relevant factors pursuant to Section 452.340.8 and Rule 88.01, is not rebutted as being unjust or inappropriate. The Amended Judgment entered on December 5, 2003 included $991.50 ($2030.00 - $708.00 = $1,322.00/ 4 x 3) for the support of Jessica, Jackie, and Jason. The $3,739.00 per month will be reduced to $2,747.50.

9. The Court finds that the presumed correct child support amount for the period June 2007 through August 2007 as calculated by [Wife], pursuant to Section 452.340.8, RSMo. 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is $999.00 per month; and, that after consideration of all relevant factors pursuant to Section 452.340.8 and Rule 88.01, is not rebutted as being unjust or inappropriate.

10. The Court finds that the presumed correct child support amount beginning September 1, 2007 as calculated by [Wife], pursuant to Section 452.340.8, RSMo 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is $3,343.00 per month; and, that after consideration of all relevant factors pursuant to Section 452.340.8 and Rule 88.01, is not rebutted as being unjust or inappropriate ….

12. The parties' fourth child, Erik Bradley Anderson, is emancipated. [Husband's] obligation to pay child support for Erik is terminated effective May 31, 2007.

13. [Husband's] obligation to pay child support in the amount of $2,030.00 is terminated effective May 31, 2007.

The decretal portion of the judgment included the following:

1. The Court accepts the four Forms 14 prepared by [Wife] ([Wife's] Exhibits T -W).

2. [Husband] is ordered to pay child support to [Wife] for the three minor children in the amount of $2,827.50 per month for the months of August - December 2006, payable on the first day of each month.

3. [Husband] is ordered to pay child support to [Wife] for the three minor children in the amount of $2,747.50 per month for the months of January - May 2007, payable on the first day of each month.

4. [Husband] is ordered to pay child support to [Wife] for the three minor children in the amount of $999.00 per month for the months of June - August 2007, payable on the first day of each month.

5. [Husband] is ordered to pay child support to [Wife] for the three minor children in the amount of $3,343.00 per month beginning September 1, 2007 and on the same day of each month thereafter until further of [sic] Order of the Court.

In due course, the second amended judgment became final and was not appealed. The triplets became emancipated when they reached the age of 21 in September 2008.

In 2012, Wife filed two garnishments seeking to recover child support allegedly owed pursuant to the second amended judgment. Husband moved to quash the garnishments, arguing that Wife was seeking to recover more than Husband actually owed pursuant to the judgment. In response, Wife argued that Husband incorrectly calculated his child support arrearage because he omitted his obligation to pay Wife $2,030 per month through May 2007.

In May 2012, a family court commissioner held a hearing on Husband's motion to quash the garnishments. After considering "the complete file in this case," the commissioner entered findings and recommendations for a second amended judgment

4

and order quashing the garnishments. The commissioner disagreed with Wife's position that the judgment modifying the first amended judgment continued the $2,030 per month child support payments and added the additional child support amounts specified in the decretal portion of the judgment.

> It is true that the finding of the Court in that Judgment of Modification at Paragraph 13 states that [Husband's] obligation to pay child support in the amount of $2,030.00 is terminated effective May 31, 2007. However, to the extent that finding is inconsistent with the very specific orders entered in the [decretal portion of the] Judgment of Modification, the orders will take priority. Secondly, it is the opinion of this Court that an application of common sense to that Judgment of Modification leads to the conclusion that the $2,030 obligation must be included within the obligation set out in the order in Paragraph 3 which specifies the amount of [Husband's] child support obligation for the period of January through May, 2007.

The commissioner determined Husband owed a remaining balance of $1,138.54 in child support arrearage and quashed the garnishments. The commissioner also denied both parties' requests for attorney's fees. The trial court ultimately adopted the commissioner's recommendations. This appeal followed.

### Standard of Review

In a court-tried case, our review is governed by Rule 84.13(d). *Noland-Vance v. Vance*, 321 S.W.3d 398, 402 (Mo. App. 2010).[1] We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*.; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). General rules of construction of written instruments apply to the construction of judgments. *Woodfill v. Shelter Mut. Ins. Co.*, 878 S.W.2d 101, 103 (Mo. App. 1994). "In construing a judgment, a court must examine and consider the language of the judgment in its entirety." *Id*. If there is a conflict between

---

[1] All rule references are to Missouri Court Rules (2014). All statutory references are to RSMo (2000).

5

a judgment's findings and orders, it must be resolved in favor of the court's orders. *Lombardo v. Lombardo*, 120 S.W.3d 232, 239 (Mo. App. 2003).

**Discussion and Decision**

In Point I, Wife contends the trial court erred in construing the second amended judgment to relieve Husband of his obligation to pay $2,030 per month as child support through May 31, 2007 because there is no conflict between the findings and decretal portions of the second amended judgment. Wife argues that: (1) read as a whole, the second amended judgment continued that $2,030 per month obligation through May 31, 2007; and (2) the decretal portions of that judgment imposed a separate child support obligation upon Husband for the triplets. We agree.

The first amended judgment required Husband to pay $2,030 per month as child support for Erik and the triplets. In Paragraphs 2, 7 and 8 of the second amended judgment, Judge Sweeney calculated how much each child should receive of that amount: Erik - $1,038.50 ($708 + $330.50); Jessica - $330.50; Jackie - $330.50; and Jason - $330.50.[2]

Exhibits T-W contain calculations of presumed child support for the triplets alone.[3] Judge Sweeney accepted those Form 14s and used them to calculate the amount of child support Husband owed for the triplets.

---

[2] Although the monthly $2,030 child support amount was initially granted in lump sum form, it could be converted to a per-child amount with court approval because of Erik's impending emancipation. *See, e.g.*, *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 178-79 (Mo. App. 2004); *Ogden v. Henry*, 872 S.W.2d 608, 611 (Mo. App. 1994).

[3] Husband has filed a motion to strike these exhibits, which we deny. The first decretal paragraph of the second amended judgment expressly stated that the court accepted Exhibits T-W. The court's calculations track the numbers from those exhibits exactly. The commissioner's findings and recommendations state that he considered "the complete file in this case" before making his decision.

6

In paragraph 7, Judge Sweeney found that the presumed correct child support amount for the triplets from August 2006 through December 2006 was $3,819, which was not rebutted as being unjust or inappropriate. Because the first amended judgment already included $991.50 as child support for the triplets, Judge Sweeney calculated that Husband owed an additional $2,827.50 in child support for the triplets. In paragraph 2 of the decretal portion of the second amended judgment, Judge Sweeney ordered Husband to pay $2,827.50 as child support "for the three minor children" from August 2006 through December 2006. Adding $991.50 from the first amended judgment and $2,827.50 from the second amended judgment exactly equals the $3,819 that Judge Sweeney determined was the correct amount of child support for the triplets.[4]

In paragraph 8, Judge Sweeney found that the presumed correct child support amount for the triplets from January 2007 through May 2007 was $3,739, which was not rebutted as being unjust or inappropriate. Because the first amended judgment already included $991.50 as child support for the triplets, Judge Sweeney calculated that Husband owed an additional $2,747.50 in child support for the triplets. In paragraph 3 of the decretal portion of the second amended judgment, Judge Sweeney ordered Husband to pay $2,747.50 as child support "for the three minor children" from January 2007 through May 2007. Adding $991.50 from the first amended judgment and $2,827.50 from the second amended judgment exactly equals the $3,739 that Judge Sweeney determined was the correct amount of child support for the triplets.

In Paragraph 9 of the second amended judgment, Judge Sweeney found that the presumed correct child support amount for the triplets from June 2007 through August

---

[4] It is important to emphasize here that the only issue we are addressing is whether there is a conflict between the findings and the decretal portions of the second amended judgment. Because Husband did not appeal, we do not address whether the procedure used by Judge Sweeney was correct.

2007 was $999, which was not rebutted as being unjust or inappropriate. The presumed child support for the triplets exactly matches the amount calculated by Wife in Exhibit V. Unlike paragraphs 7 and 8, paragraph 9 of the second amended judgment contains no reduction for any child support from the first amended judgment. This is consistent with Judge Sweeney's findings in paragraphs 12 and 13 that, as of the end of May 2007, Husband was no longer obligated to pay $2,030 per month for the four children due to Erik's emancipation.[5] In paragraph 4 of the decretal portion of the second amended judgment, Judge Sweeney ordered Husband to pay $999 as child support "for the three minor children" from June 2007 through August 2007.

The same is true of paragraph 10 of the second amended judgment. Judge Sweeney found that the presumed correct child support amount for the triplets from September 1, 2007, onward was $3,343, which was not rebutted as being unjust or inappropriate. The presumed child support for the triplets exactly matches the amount calculated by Wife in Exhibit W. Unlike paragraphs 7 and 8, paragraph 10 also contains no reduction for any child support from the first amended judgment. Again, this is consistent with Judge Sweeney's findings in paragraphs 12 and 13 that, as of the end of May 2007, Husband was no longer obligated to pay $2,030 per month for the four children due to Erik's emancipation. In paragraph 5 of the decretal portion of the second amended judgment, Judge Sweeney ordered Husband to pay $3,343 as child support "for the three minor children" from September 1, 2007 onward.

---

[5] Paragraph 12 in the findings of the second amended judgment stated that Husband's obligation to pay child support for Erik terminated on May 31, 2007. Paragraph 13 stated that Husband's obligation to pay child support in the amount of $2,030.00 terminated effective May 31, 2007.

In sum, the trial court misapplied the law when it decided that there were conflicts between the findings and the decretal portions of the second amended judgment.[6] Wife's first point has merit and is granted. Therefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

---

[6] Wife's other points challenge the trial court's ruling on the credit calculation and Wife's request for attorney's fees. Because the error discussed in Point I affected the credit calculation and could have affected the ruling on Wife's request for attorney's fees, those rulings must be set aside as well. We instruct the trial court to reconsider those two issues on remand.